IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JOSHUA D. LINDSEY,                          )
                                            )
                    Movant,                 )
                                            )
vs.                                         )    Case No. 09-0249-CV-W-ODS
                                            )    Crim. No. 06-00340-01-CR-W-ODS
UNITED STATES OF AMERICA,                   )
                                            )
                    Respondent.             )


ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND (2) GRANTING CERTIFICATE OF
APPEALABILITY

        Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. §
2255. The motion is denied.


I.  BACKGROUND

        Movant pleaded guilty to one count of being a felon in possession of a firearm.
His sentencing hearing took place on February 26, 2007, but the Judgment and
Commitment Order was issued the following day.  At sentencing, the Court determined
Movant's Base Offense Level was 24 pursuant to U.S.S.G. § 2K2.1(2), which
established that level for a felon in possession of a firearm who "committed any part of
the instant offense subsequent to sustaining at least two felony convictions of either a
crime of violence or a controlled substance offense."  The two predicate offenses were
identified in the Presentence Investigation Report as (1) a 2004 conviction for fleeing to
elude police and (2) a 2002 conviction for driving under the influence of alcohol.
Adjustments for acceptance of responsibility brought Movant's total offense level to 21;
combined with his Criminal History Category of VI, Movant's guideline range was 77 to
96 months.  Movant was sentenced to 77 months imprisonment, and he did not appeal
either the judgment or the sentence.

In April 2008, the Supreme Court examined the Armed Career Criminal Act (the "ACCA"), which "imposes a more stringent 15-year mandatory minimum sentence on an offender who has three prior convictions 'for a violent felony or a serious drug offense.'" Begay v. United States, 128 S. Ct. 1581, 1583 (2008) (quoting 18 U.S.C. § 924(e)(1)). The Court construed the definition of "violent felony" as used in the ACCA and concluded that DUI and similar offenses did not qualify.

On March 26, 2009, Movant initiated this postconviction proceeding. He contends Begay applies with equal force to U.S.S.G. § 2K2.1(2), so he had only one violent felony and his base offense level should have been lower. The Government contends the motion is untimely.[1]

## II.  DISCUSSION

### A.

A motion for postconviction relief usually must be filed within one year of the date on which the judgment of conviction became final, 28 U.S.C. § 2255(f)(1), and by this standard the motion is untimely. Movant contends a different limitation period applies; namely, the provision that allows the motion to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. § 2255(f)(3).

Initially, it is not clear what Congress meant to describe by the term "right." Elsewhere in the statute, when describing when second or successive postconviction

---

[1]The Government also contends Movant's claim is procedurally barred, but it is possible for Movant to demonstrate he is "actually innocent" of the conditions that generated the increased offense level. Cf. Bousley v. United States, 523 U.S. 614, 622-24 (1998) (describing conditions for a movant to present a defaulted claim based on new interpretation of particular sentencing guidelines announced in Bailey v. United States, 516 U.S. 137 (1995)). In light of the Court's holding, there is no need to consider this issue further.

2

motions would be allowed, Congress requires "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h)(2). Presumably, then, there is a difference between a "right" and a "constitutional right," with the latter being a subset of the former. Several circuits have held a "right" can include a statutory right, United States v. Lopez, 248 F.3d 427, 430-31 (5th Cir. 2001) (citing cases), but Movant is not contending any statutes were misconstrued when he was sentenced. Instead, he contends a particular guideline provision was misconstrued. The Court can find no authority for the proposition that a decision altering the construction of a sentencing guideline creates a "right" within the meaning of section 2255(f)(3).

More importantly, even if Begay announced a "right," it does not apply retroactively to cases on collateral review. While this pronouncement (unlike the one required for second or successive filing) does not have to be made by the Supreme Court, see Lopez, 248 F.3d at 431-32 (comparing previous versions of section 2255(f)(3) and section 2255(h)(2)), the Court concludes Begay does not apply retroactively. A Supreme Court decision applies retroactively to cases on collateral review in two circumstances. The first is when the decision "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense." Nelson v. United States, 184 F.3d 953, 955 (8th Cir. 1999). Begay is not a case of this sort because it does not describe conduct that is beyond Congress' power to punish. The second circumstance is "when a new 'watershed' rule of criminal procedure implicates the fundamental fairness and accuracy of a criminal proceeding." Id. This exception is also inapplicable because Begay does not announce "a rule which implicates both the accuracy and fundamental fairness of criminal proceedings." United States v. Moss, 252 F.3d 993, 998 (8th Cir. 2001) (holding Apprendi v. New Jersey, 530 U.S. 466 (2000), did not announce a watershed rule of criminal procedure); see also Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam) (reaching same conclusion with respect to United States v. Booker, 543 U.S. 220 (2005)); Nelson, 184 F.3d at 955

3

(reaching same conclusion with respect to <u>Old Chief v. United States</u>, 519 U.S. 172 (1997)).  <u>Begay</u> is narrow and has no bearing on the accuracy or fairness of the criminal process, so it is not a "watershed rule" entitled to application on post-conviction review. That being the case, <u>Begay</u> could not have triggered the limitation period for Movant's application for postconviction relief.

B.

The Court's procedural ruling preclude consideration of the merits, so a Certificate of Appealability should be issued if "jurists of reason would find it debatable whether the person states a valid claim" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  The decision that a postconviction motion is time-barred constitutes such a procedural decision.  <u>E.g.</u>, <u>Anjulo-Lopez v. United States</u>, 541 F.3d 814, 816-17 (8th Cir. 2008); <u>Boston v. Weber</u>, 525 F.3d 622, 623-24 (2008).

Here, the Court concludes a Certificate of Appealability should be issued.  The Court notes the issue has not been decided by the Eighth Circuit.  In addition, the few cases addressing <u>Begay</u>'s retroactivity have resulted in different outcomes.  The Eleventh Circuit has, in an unpublished opinion, reached the same conclusion reached in this Order and Opinion.  <u>United States v. Coley</u>, 2009 WL 2019859 (11th Cir. 2009). Some District Courts (including at least one in this Circuit) have ruled similarly.  <u>E.g.</u>, <u>Sun Bear v. United States</u>, 2009 WL 2033028 (D.S.D. 2009); <u>United States v. Narvaez</u>, 2009 WL 1505658 (W.D. Wis. 2009); <u>United States v. Campbell</u>, 2009 WL 1254287 (D.S.C. 2009);   On the other hand, at least one District Court has ruled that <u>Begay</u> can apply retroactively.  <u>United States v. McElroy</u>, N.D. Okla. 2009).  The dearth of binding authority, coupled with the fact that at least one court would rule in Movant's favor, persuades the Court that a Certificate of Appealability is justified.

III.  CONCLUSION

The "right" Movant asserts is not retroactive to cases on collateral review, so the limitation period in section 2255(f)(1) – not section 2255(f)(3) – applies.  The motion for

4

postconviction relief is denied because it was filed more than a year after the conviction became final.

IT IS SO ORDERED.

DATE: July 29, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

Case 4:06-cr-00340-ODS   Document 24   Filed 07/29/09   Page 5 of 5